IRENE APONTE FONTÁNEZ ET AL., Plaintiffs and Appellees, *v.* RAMONA MUÑOZ WIDOW OF ALONSO, Intervener and Appellant.

No. 7361. Argued January 14, 1938.—Decided March 25, 1938.

*R. Díaz Collazo* for appellant. *Angel A. Vázquez* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Irene Aponte Fontánez sued Ramón Alonso Muñoz and obtained a favorable judgment on April 20, 1935, for $2,000. *Aponte v. Alonso,* 46 P.R.R. 532. The judgment was

recorded in the Registry of Judgments in the Registry of Property of San Juan on September 28, 1935, and for the purpose of getting execution thereon, an attachment was levied on the rents of the house at No. 52 Calle de las Flores, Santurce, San Juan, belonging to the judgment debtor, who was given notice on March 12, 1935.

At this point, on April 1, 1935, Ramona Muñoz widow of Alonso, commenced this intervention proceeding, averring that the attached rents were ''her sole and exclusive property'' because the owner of the house from which they were derived had on May 7, 1930, constituted a voluntariy mortgage thereon in her favor to secure the sum of $1,500, and because about four months after the constitution of the mortgage, the mortgage debtor being unable to pay interest—10%—, or to pay taxes when due, or to attent to the repairs of the property, agreed with the intervener that she should ''take charge of the administration of the property above mentioned, so that she could cause the interest accrued on the mortgage loan to be paid out of the proceeds of the rent, could likewise cause opportune payment to be made of the taxes upon the said real property, could take care of repairs and expenses attendant upon the preservation of the real property; the intervener having taken over such administration, collecting the rents produced by the house in question, paying the taxes attending to the expenses of repairs and conservation of the real property, and leasing the same without the intervention of the defendant Ramón Alonso Muñoz.''

The intervener further averred that the principal of Alonso's indebtedness had not yet been paid and that the subsequent agreement above described was then in force. She prayed for judgment setting the attachment aside.

The plaintiff Aponte—defendant in the intervention proceeding—answered, denying that the rents in question belonged exclusively to the intervener, alleging the existence of a conspiracy between the intervener and the defendant Alonso, her son, and averring, as facts constituting a special

defense, that the complaint in intervention did not state facts sufficient to constitute a cause of action and that her judgment debt, recorded in the registry and not yet satisfied, constituted a lien upon all the properties of the defendant. She asked for judgment against the intervener and her sureties for the amount which might appear to be owing on account of rent since the attachment of the rentals, with costs and atttorney's fees.

There was a trial, at which for the intervener, Ramón Alonso Muñoz, Rafael Porrata Doria, and the intervener herself testified. Over the objection and exception of the plaintiff Aponte, defendant in the intervention proceeding, the judge permitted the witnesses to testify as to the verbal agreement set out in the complaint.

The intervener testified that since Alonso was not paying interest, "he said to me: 'keep the rent of the house to pay taxes and repairs.' It is I who make the repairs, pay the taxes, and who has been renting the house . . . since 1930." Ramón Alonso stated that "I told mother to take over the house since I couldn't pay her the interest . . . and had no money to take care of repairs and taxes . . . four or five months after the mortgage was constituted." Porrata Doria, lessee since February, 1934, stated that he had dealt directly with the intervener and had paid her the rent with checks issued in her name, some of which were offered in evidence.

Irene Aponte, the defendant in the intervention proceeding, proved the existence of the judgment in her favor, its record in the registry, and the attachment of the rents of the house in question on the dates as alleged.

The court decided the case against the intervener. In its opinion the court states:

"From whatever angle the case be considered, a judgment against the intervener is inevitable. In addition to being a contract the existence of which is suspect in the extreme, not only by reason of its unusual nature but also because of the relationship between the

contracting parties, the intervener's case meets with the difficulty that it is not sustained by the oral evidence.

"If the case of *Córdova et al.* v. *Surís et al.*, 19 P.R.R. 1117, there was an attachment of certain property in the possession of the debtor. A complaint in intervention was then filed, in which it was averred that the intervener was the owner of the attached property by reason of a purchase in a private document prior to the date of the attachment. In affirming the judgment of the district court dismissing the complaint in intervention, the Supreme Court said:

" 'The attachment of the property in question could only be defeated by a public record or other grounds of nullity recognized in the law, but not by a private writing from the debtor to the appellants.

" 'As appellants did not bring themselves within any of the exceptions enumerated in said section, the appellees must be considered as third persons.'

"In the same case of *Córdova et al.* v. *Surís et al.*, supra, the following paragraph from a judgment of the Supreme Court of Spain of February 26, 1894, was cited with approval:

" 'Although a private instrument legally acknowledged shall have, with regard to those who signed it and their legal representatives, the same force as a public instrument, no effect or efficacy may be given thereto as to third persons without previously complying with the provisions of Section 1227 of the Civil Code, and therefore the filing in a court of justice of a document of such a nature as a basis of a suit in intervention is not a sufficient proof inasmuch as its efficacy arises from the date of the presentation thereof, which is subsequent, therefore, to that of the title sought to be defeated.'

"The case of *Córdova et al.* v. *Surís et al.* was affirmed by the Supreme Court in the case of *Aguayo* v. *Vázquez*, 33 P.R.R. 873.

"If a private writing is insufficient to invalidate the attachment, a simple verbal contract should be much more ineffective, particularly when the surrounding circumstances are such as those in the present case."

Intervener's assignments of error go to the grounds for the decision. Even though the intervener were correct, the judgment appealed from would in any event have to be affirmed, since the intervention was based on the contention that the intervener was the owner of the attached rentals, and such ownership does not appear from the facts alleged

in the complaint or from the evidence. An administrator does not become the owner of all of the rent produced by the property under administration although authorized to pay to himself therefrom interest owing to him or advances made for the payment of taxes or repairs. Rent from the property amounted to $360 annually, and the interest to $150. There was a margin of $210 annually which it does not seem natural would be wholly eaten up by taxes, repairs, and expenses of administration.

The appeal must be dismissed and the judgment appealed from affirmed.

Mr. Justice Hutchison agrees with the result.

Mr. Justice Córdova Dávila took no part in the decision of this case.